| | |
|---|---|
| 1  Curt Gilgenbach and, Catherine Gilgenbach | |
| 2  Ex Rel. the People of Illinois and the United States of America | U.S.C.A. – 7th Circuit |
|    *Correspondence Mailing Location:* | R E C E I V E D |
| 3  c/o 746 Nolan Avenue | |
| 4  Glendale Heights, Illinois. | MAY 17 2017   SDP |
| 5 | GINO J. AGNELLO |
|   | CLERK |

*Seventh Circuit Court of Appeals*
*for the United States of America - Northern Illinois*
(Northern district Illinois)
219 South Dearborn Street, Chicago, IL 60604

| | |
|---|---|
| **746 Nolan Avenue, Glendale Heights Illinois** | No. No. 17-2011 |
| v. | Claims against Andrea R. Woods |
| **United States Incorporated,** | (28 U.S.C. 351 et seq.; and, 28 U.S.C. 455) |
| **State of Illinois** | (1) Notice of Judicial Officer Andrea Woods's obstruction of justice pertaining to failure to allow clerks to enter defaults when requested under F.R.Civ. P., Rule 55(b); |
| **DuPage County,** | |
| **Bloomingdale Township** | |
| **Village of Glendale Heights** | (2) Trespass on Case by Judicial Officer Andrea Woods by notifying: AUSA, Andrew Yahres Acker, Thomas Justin Halleran, advocating and assisting respondent parties and giving unlawful assistance, aiding and abetting respondents, and violating her oaths of office in this matter. |
| **Does 1-100, Roes 1-50 who are errant public servants...** | |
| | **Praecipe to Clerk and Judicial Officers.** |

TO ALL MEN MAKE THESE PRESENTS KNOWN:

<u>Asseveration</u>

¿ Do you call upon Our Father in Heaven to be Our Witness, and Our judge, of Our truths, and to be the avenger to those who stand against these truths?

We: curt gilgenbach and, catherine gilgenbach do: selah.

<u>Statements of Material Facts</u>

We make special reference to and specially incorporate Our "Affidavit of Material Facts, dated

May 10, A.D. 2017," as though fully set forth herein. Said claims in the affidavit, as of this date are true, as it was never disputed, controverted or rebutted.

**Material Fact No. 1**: We caused to be served DuPage county was served the claims and summons, and all other court required papers on 3/14/2017.

**Material Fact No. 2**: We filed our "requests for entries of default" on 4/5/2017.

**Material Fact No. 3**: We checked our file on 4/6/2017, and found that no entries of default were entered in to the docket, or file of the matter against DuPage county.

**Material Fact No. 4**: After noticing that the ENTRIES OF DEFAULT were not entered, i called the clerk of the court's office by telephone. After inquiring why the ENTRY OF DEFAULT was not entered, and that the docket reflected a MOTION FOR ENTRY OF DEFAULT, which was wrongfully entered thereon. The clerk/deputy clerk told me the following: "I cannot enter default myself. It has been forwarded to the judge for review, and if it is accepted, the judge will do it." I demanded the clerk/deputy clerk to enter default according to the Rule 55(b). She said she would not do so. I again instructed her to do her duty and ENTER DEFAULT. She refused. After failing, refusing and neglecting to enter default, she referred me to talk with the judges clerk. I demanded that judge Andrea Wood's clerk/deputy clerk enter default according to the Rule 55(b). She said she would not do so. I again instructed her to do her duty and ENTER DEFAULT. She failed, refused and neglected to do so, saying that it was given to the judge to decide. I stated that there is no exception for the judge to review said REQUEST under RULE 55(b), but she stated that they don't follow that rule.

**Material Fact No. 5**: On the Tenth day of April, We caused to be served on the Clerk, Judicial Officer, and Court administrator, and all others participating in this event, document titled: Affidavit of Material Facts; and, Notice of Special Visitations by Curt Gilgenbach, Catherine Gilgenbach, et al. and, Instructions to all court personnel, including but not limited to: Judicial Officers, court clerk(s), court administrators, etc., dated 4/10/2017. Our Notice of Special Visitations, is specially made reference to, and specially incorporated herein as though set forth fully.

**Material Fact No. 6**: On the Twenty-seventh day of March, We caused to be served UNITED STATES INCORPORATED.

**Material Fact No. 7**: On the Eighteenth day of April, We caused to be served Our "requests for entry of defaults."

**Material Fact No. 8**: On the Nineteenth day of April, We checked the court file for entries of

default against UNITED STATES INCORPORATED. No entries were created or entered by the clerk or the judicial officer against the UNITED STATES INCORPORATED.

**Material Fact No. 9** : We caused to be served on the Seventh day of April, A.D., 2017, Our claims and twenty one day summons on Bloomingdale Township

**Material Fact No. 10** : We caused to be served, on the Twenty-first day of April, A.D., 2017, Our claims and twenty-one day summons on Illinois state/STATE OF ILLINOIS.

**Material Fact No. 11** : On the First day of May, A.D., 2017, We caused to be served Our "requests for entry of defaults" on the court clerk against Bloomingdale Township.

**Material Fact No. 12** : On the Second day of May, A.D., 2017, We caused to be served Our claims and twenty-one day summons on the Village of Glendale Heights.

**Material Fact No. 13** : On the Second day of May, A.D., 2017, We checked the court file for entries of default against Bloomingdale Township. No entries were created or entered by the clerk or the judicial officer against the Bloomingdale Township.

**Material Fact No. 14** : Article the Sixth was violated when the court clerk with Woods knowledge sent, Notice of Electronic Filing, docket no. 23, on 5/9/2017. to:

(1) Thomas Justin Halleran    christen@srd-law.com,    thomas@srd-law.com
(2) AUSA                      usailn.ecfausa@usdoj.gov
(3) Andrew Yahres Acker       christen@srd-law.com     andrew@srd-law.com
                              adurkin@srd-law.com
Curt Gilgenbach               curtvips@sbcglobal.net

**Material Fact No. 15** : Said NEF (doc. no. 23, 5/9/2017) is specially made reference to, and specially incorporated as though fully set forth herein.

**Material Fact No. 16** : By sending the NOTICE OF ELECTRONIC FILING to first three named parties (numbers 1,2 and 3), to the corresponding emails to the right thereof, said acts by Judicial Officer Andrea Woods, and with the cooperation and assistance of the court clerk/deputy clerks, were unlawful acts of giving aid and assistance to the parties, and, violated Woods and the court clerks oaths of offices. Moreover, said acts also violated the judicial canons of ethics, local rules, rules of court, and federal law prohibiting said acts.

**Material Fact No. 17** : Though each of the respondents have been served with Our claims and a twenty-one day summons, none have responded or filed any answers thereto.

**Material Fact No. 18** : Under the unlawful acts committed by Judicial Officer Woods, and her orders to the court clerk/deputy clerks to abstain from entering defaults against the named respondents, said acts are known as "obstruction of justice" [cf.], further continued action can and will lead to removal of Woods, pursuant 28 U.S.C. 351 et seq. and/or 28 U.S.C. 455.

> [cf.] "...the Court held that "federal officials who seek absolute exemption from personal liability for unconstitutional conduct must bear the burden of showing that public policy requires an exemption of that scope." Id., at 506, 98 S.Ct. at 2910. This we reaffirmed today in Nixon v. Fitzgerald, 457 U.S., at 747, 102 S.Ct., at 2700.
> (quoted from: Harlow v. Fitzgerald, 457 U.S. 800, 73 L.Ed.2d 396, 102 S.Ct. 2727 (1982).

**Material Fact No. 19** : Judicial Officer Woods conduct of having the clerk abstain from entering defaults (under Rule 55(b)) until approved by her, is conduct outside of Rule 55(b), and is Malfeasance, Misfeasance or Nonfeasance in Office. Any future delays, to enter said default will expose WOODS and the CLERKS to personal liability, for your individual, joint and several failures, refusals and neglects to enter defaults upon the respondents per the numerous requests filed prior, under Rule 55(b).

### Praecipe

I hereby instruct the court clerk to enter the defaults as required under Rule 55(b) of the Federal Rules of Civil Procedure, based on the Requests on file.

Any judicial officers participating in this matter must not delay the clerks function under Federal Rules of Civil Procedure, Rule 55(b) to enter the defaults.

Any judicial officers participating in this matter must cease and desist from assisting, giving notice to respondents, or causing said to be done.

Any judicial officers participating in this matter must cease and desist from acting beyond the limits of your limited authority you were given, and remain neutral arbiters of truth.

The judicial officer and clerk are to assist each other in setting up remote conferencing, because of the sudden changes in the Calender. Said persons shall within 5 days notify the undersigned that "court call" has been set up and available.

Permanently remove Andrea R. Wood from participating in the matter.

This Tenth day of May, A.D., 2017

By: _____
curt gilgenbach, and for
catherine gilgenbach, without recourse.

I CURT GILGENBACH WILL
SEND COPYS TO DEFENDANTS.

Curt Gilgenbach  5/17/2017