IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

No. 17-2011

| | |
|---|---|
| CURT GILGENBACH, | ) |
|       Plaintiff-Appellant, | ) |
| v. | ) Appeal from the United States |
| | ) District Court for the Northern |
| | ) District of Illinois, No. 17 CV 1807 |
| UNITED STATES INCORPORATED, *et al.*, | ) |
| | ) Andrea R. Wood, Judge |
|       Defendants-Appellees. | ) |

**RESPONSE TO RULE TO SHOW CAUSE FOR APPELLEE AND
MOTION FOR VILLAGE OF GLENDALE HEIGHTS FOR LEAVE TO FILE
<u>MOTION FOR SUMMARY AFFIRMANCE</u>**

    The Village Attorney for the defendant-appellee Village of Glendale Heights hereby responds to the court's August 7, 2017, rule to show cause and moves the court for leave to file its motion for summary affirmance in lieu of a brief. In support of this response and motion, the defendant-appellee states as follows:

1. *Pro se* plaintiff Curt Gilgenbach served summons on the Village on May 3, 2017. Dkt. 35. The Village forwarded the summons to the Village Attorney on May 4, 2017.

2. The Village Attorney reviewed the docket for the case and identified that the district court had set the case for status hearing to occur on May 10, 2017. Dkt. 5.

3. The Village Attorney filed an appearance for the Village on May 8, 2017. Dkt. 21, 22.

4. The district court entered a minute order on May 9, 2017, striking the May 10, 2017, status hearing and stating that it would issue a separate order addressing the status of the case. Dkt. 23.

5. The district court *sua sponte* entered an order on May 10, 2017, dismissing plaintiff's complaint for lack of subject-matter jurisdiction as to any federal claims. Dkt. 24. The dismissal was based upon the district court's finding that plaintiff's claims (asserting that he and his real property, whose title originated from a "land patent," were immune from regulation or taxation) were contrary to law, "shopworn" and "frivolous." Dkt. 24, pp 1-2.

6. The only documents filed by the Village in this case were the Village Attorney appearances. Dkt. 21, 22. The Village did not file any responsive pleading and did not file any motion before the district court's *sua sponte* dismissal order.

7. The Village Attorney was aware by electronic notice that plaintiff had timely filed a notice of appeal. Dkt. 26.

8. The Village Attorney's administrative assistant resigned in or about the third week of June 2017, and as a result, the Village Attorney has been without an administrative assistant since that time to present. Unfortunately, an oversight occurred regarding the entry of the briefing schedule on the Village Attorney's docket.

9. Plaintiff never served a copy of appellant's brief on the Village Attorney. The Village Attorney first obtained a copy of plaintiff's appellant's brief after receiving this court's show cause order on August 7, 2017.

10. The Village Attorney was on vacation and out of the State during the last week of July 2017 when appellee's brief was due.

11. The Village Attorney's failure to file appellee's brief on behalf of the Village was an unintentional oversight due to the events described above and not done deliberately.

12. The Village Attorney has reviewed the United States Attorney's Response to Rule to Show Cause for Appellee and Motion of the United States Attorney for Noninvolvement. The Village's position is slightly different; the Village was served with summons and the Village Attorney filed an appearance.

13. Because the Village's involvement in the district court litigation of this case was limited to the Village Attorney's appearance filed two days before the district court's *sua sponte* dismissal of plaintiff's complaint, the Village never filed an answer to plaintiff's complaint and was therefore not at issue with plaintiff. Further, the Village never filed any motion attacking plaintiff's complaint procedurally or substantively.

14. In spite of the Village's limited involvement in this case, the Village concurs with the district court's dismissal of plaintiff's complaint. The Village further concurs with the district court's reasoning that it lacked subject-matter jurisdiction over plaintiff's federal claims because they are frivolous and

contrary to law. Plaintiff's assertions that he and his property are immune from regulation and taxation because he is "sovereign" and his property obtained pursuant to a "land patent" have been previously recognized by this court as being frivolous and insufficient to raise a federal question resulting in a lack of subject-matter jurisdiction. *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993); *Hilgeford v. People's Bank*, 776 F.2d 176, 178-179 (7th Cir. 1985).

15. The plaintiff's appellant's brief does not contain any argument specifically discussing the district court's reasoning contained in the May 10, 2017, dismissal order, and does not acknowledge, cite or address any of the case authority relied upon in the dismissal order.

16. Because the plaintiff does not offer any discernable reason on appeal to question the district court's decision, summary affirmance is appropriate here. "Motions and papers, in conjunction with the record and the district court's opinion, may show the appropriate disposition with sufficient clarity that a call for briefs would be nothing but an invitation for the parties to waste their money and the court's time." *Mather v. Village of Mundelein* 869 F.2d 356, 357 (7th Cir. 1989).

17. The Village submits that the holding of the district court is so clearly correct as a matter of law that there is no substantial question regarding the outcome of the appeal. *Williams v. Chrans*, 42 F.3d 1137, 1139 (7th Cir. 1995). In lieu of the Village undertaking the time and expense to prepare and

file an appellee brief, the Village moves this court for leave to file a motion for summary disposition within 14 days.

WHEREFORE the defendant-appellee Village of Glendale Heights requests that the court discharge the rule to show cause and grant the Village's motion for leave to file a motion for summary disposition. Should the court deny this motion, defendant-appellee requests that the court extend the briefing schedule to allow for an additional 30 days thereafter to file its brief.

> Respectfully submitted,
> VILLAGE OF GLENDALE HEIGHTS
>
> By: /s/ Andrew Y. Acker
> ANDREW Y. ACKER
> aacker@srd-law.com
> Storino Ramello and Durkin
> 9501 W. Devon Ave., Suite 800
> Rosemont, IL 60018
> 847-318-9500

## Certificate of Service

I hereby certify that on August 18, 2017, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some participants in this case are not CM/ECF users. I have mailed the foregoing document by first class U.S. Mail, postage prepaid, for delivery within three days to the following non-CM/ECF participant:

Curt Gilgenbach
746 Nolan Avenue
Glendale Heights, Illinois 60139

    /s/ Andrew Y. Acker
    ANDREW Y. ACKER
    aacker@srd-law.com
    Storino Ramello and Durkin
    9501 W. Devon Ave., Suite 800
    Rosemont, IL 60018
    847-318-9500