IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

No. 17-2011

| | |
|---|---|
| CURT GILGENBACH, | ) |
| | ) |
|     Plaintiff-Appellant, | ) |
| | ) |
| v. | ) Appeal from the United States |
| | ) District Court for the Northern |
| | ) District of Illinois, No. 17 CV 1807 |
| UNITED STATES INCORPORATED, *et al.*, | ) |
| | ) Andrea R. Wood, Judge |
| | ) |
|     Defendants-Appellees. | ) |
| | ) |

**DEFENDANT-APPELLEE'S MOTION
FOR SUMMARY AFFIRMANCE OR TO RESET BRIEFING SCHEDULE**

    Defendant-appellee Village of Glendale Heights, in lieu of filing a brief, moves to summarily affirm the district court's decision in this action in the interests of judicial economy and because further briefing in response would be wasteful and unnecessary. In support of this motion defendant-appellee states as follows:

1. *Pro se* plaintiff-appellant Curt Gilgenbach filed a complaint in this case on March 7, 2017, and an amended complaint on April 10, 2017. Dkt. Nos. 1, 14. The caption for both pleadings begins with the designation of "746 Nolan Avenue, Glendale Heights Illinois" in the plaintiff position. Both pleadings allege the "claimants" to be "Curt Gilgenbach and, Catherine Gilgenbach, people of the united States of America." Dkt. Nos. 1, 14, ¶ 2.1.

2. Based upon the district court's docket, no appearances have been filed on behalf of Catherine Gilgenbach in this case.

1

3. Gilgenbach brought suit against Defendants alleging improper classification, taxation and regulation of his real property he purchased in 1986 located in the Village that derives its title by way of a United States Land Patent Grant, No. 18364 ("land patent"), issued in 1845 from then-President James K. Polk. Amend. Compl., Dkt. No. 14, ¶¶ 2.2, 2.3, 2.4, 3.1, 4.1, 4.3, 4.7, 4.8, pp. 4-6.

4. Gilgenbach alleges that because he and his wife are the current owners, successors or assigns to the land patent, this makes the "property tax free or makes the Federal Government responsible for all payments." Amend. Compl., Dkt. No. 14, ¶ 8.1, p. 15. Further, Gilgenbach alleges that he and his wife "are the Sovereigns identified in the Preamble to the Constitution" and that their property "is in essence state property not subject to taxation, assessments, collection or enforcement". Amend. Compl., Dkt. No. 14, ¶ 8.3, p. 15. According to Gilgenbach, because the land patent did not have any "reservations" or exceptions contained in the grant language of the land patent for property taxes, and because neither he nor the prior owners of the land granted such rights, when the "State/County/Township created ordinances zoning and enforcement thereof" this prevented Gilgenbach from peaceful enjoyment of the property and resulted in a taking without compensation under the federal and state constitutions. Amend. Compl., Dkt. No. 14, ¶¶ 3.1, 3.2, p. 5; ¶ 4.8, 5.2, p. 6.

5. Gilgenbach alleges that jurisdiction of this claim "is under the Seaman's Act, 28 US Code § 1916/62 Stat. 955." Amend. Compl., Dkt. No. 14, ¶ 7.2, p. 12, footnote omitted. Gilgenbach also alleges the following sources of jurisdiction: Article I of the United States Constitution; the First Amendment; 28 U.S.C. § 2071(a), (c),  28 U.S.C. § 2503(b); 28 U.S.C. § 2521(a); 28 U.S.C. § 1492; Fed. R. Civ. P. 1; and the Federal Court Improvement Act of 1982. Amend. Compl., Dkt. No. 14, ¶¶ 7.2, 7.3 p. 12.

6. Gilgenbach seeks, among other things, to have a permanent injunction issue against the State, County, Township and Village prohibiting the taxation and regulation of his property; seeks to prohibit the imposition of any liens against his property and the filing of any lawsuits against him or his property; seeks to prohibit entry by local authorities on the property; and seeks restitution for taxes paid since 1968. Amend. Complaint, Dkt.  No. 14, ¶¶ 9.1 – 9.7, pp. 13-14.

7. Gilgenbach served summons on the Village on May 3, 2017. Summons, Dkt. No. 35.

8. The Village Attorney filed an appearance for the Village on May 8, 2017. Appearances, Dkt. Nos. 21, 22.

9. Before the Village filed any pleading or motion in the case, the district court *sua sponte* entered an order on May 10, 2017, dismissing Gilgenbach' s amend complaint for lack of subject-matter jurisdiction as to any federal claims. Order, Dkt. No. 24 (attached Exhibit A). The dismissal

was based upon the district court's finding that Gilgenbach's claims were frivolous as they were predicated on his contention that he is "sovereign" and his property derived from a "land patent," thus rendering he and his property immune from regulation and taxation. Order, Dkt. No. 24, pp 1-2.

10. The district court's dismissal correctly recognized Gilgenbach's claims as contrary to law. The district court relied upon this court's holding in *United States v. Hilgeford*, 7 F.3d 1340 (7th Cir. 1993) rejecting the arguments that an individual is a sovereign citizen of a state who is not subject to the jurisdiction of the United States and not subject to federal taxing authority as "shopworn" and "frivolous." The district court also found that Gilgenbach's land patent argument allowing him to avoid taxation and regulation was "false" based upon this Court's holding in *Van Zelst v. CIR*, 100 F.3d 1259 (7th Cir. 1996) that a land patent is simply the equivalent of fee simple ownership and subject to tax and regulation as any other private property. The district court recognized the recent Western District Court of Wisconsin holding in *Gregerson v. State of Wisconsin*, 2016 WL 5704811 (W.D. Wis. Oct. 4, 2016) citing *Van Zelst* in rejecting the argument that land patent property is exempt from taxation as frivolous. Order, Dkt. No. 24, p. 2.

11. This is not the first time that such land patent claims have been dismissed in this circuit for being frivolous and lacking subject-matter

jurisdiction. In the case of *Hilgeford v. People's Bank*, 776 F.2d 176, 178-179 (7th Cir. 1985), this court affirmed the dismissal of a land patent claim related to a mortgage foreclosure for lack of subject-matter jurisdiction. Likewise, in the case of *Wisconsin v. Glick*, 782 F.2d 760, 762 (7th Cir. 1986) this court affirmed the remand of five consolidated criminal cases involving self-created land patents slander of title charges improperly removed from state court as lacking any federal question to provide a basis for jurisdiction. In *Hilgeford* and *Glick*, this court found both appeals to be frivolous.

12. After the district court's *sua sponte* dismissal of Gilgenbach's federal claims, Gilgenbach timely filed a notice of appeal. Not. App., Dkt. No. 26.

13. Although Gilgenbach is *pro se*, his "Appellant's Opening Brief" does not substantially comply with the requirements for appellant's briefs as provided by Fed. R. App. P. 28(a) or Circuit Rule 28(a).

    A. Gilgenbach's Appellant's Brief does not contain a table of contents with page references as required by Fed. R. App. P. 28(a)(2);

    B. Gilgenbach's Appellant's Brief does contain a section entitled "Table of Authorities," however, when reviewing the brief in comparison to the Table of Authorities, there are authorities cited in the brief that are not included in the table; there are authorities listed in the table that are not cited accurately, or do not appear on the page of the brief

   indicated, or do not appear at all in the brief as required by Fed. R. App. P. 28(a)(3);

C. Gilgenbach's Appellant's Brief does contain a section entitled "Statement of Jurisdiction, District court's jurisdiction," a section entitled "Supplemental jurisdiction (28 U.S.C. 1367) that the Officers of the judicial department of the United States are required to support, maintain[,] and enforce upon the states" and a section entitled "Appeal Court's Jurisdiction." Appellant's Brief, § II, pp. 2-5. None of these sections, however, contain the details required by Circuit Rule 28(a);

D. Gilgenbach's Appellant's Brief does not contain a statement of the case as required by Fed. R. App. P. 28(a)(6);

E. Gilgenbach's Appellant's Brief does not contain a statement of facts with appropriate references to the record as required by Fed. R. App. P. 28(a)(7);

F. Gilgenbach's Appellant's Brief does not contain a summary of the argument as required by Fed. R. App. P. 28(a)(8);

G. Gilgenbach's Appellant's Brief does not contain an argument section as required by Fed. R. App. P. 28(a)(9). Although Gilgenbach's Appellant's Brief does contain argument beneath each of the three issues stated as a "response" to the issue, these arguments do not contain citations to the record as required by Fed. R. App. P. 28(a)(9)(A), and do not contain any statements of the applicable standard of review as

    required by Fed. R. App. P. 28(a)(9)(B). Appellant's Brief, § III, pp. 6-18.

14. In Section II of Gilgenbach's Appellant's Brief under the heading "Statement of Jurisdiction, District court's jurisdiction," it asserts that the district court has jurisdiction pursuant to the following: the United States Constitution [without specific citation]; U.S. Const. Article III, section 2; U.S. Const. Article III, section 4; 28 U.S.C. § 1338; and 28 U.S.C. § 1345. Appellant's Brief, § II, p. 2.

15. In Section II of Gilgenbach's Appellant's Brief under the heading "Supplemental jurisdiction (28 U.S.C. 1367) that the Officers of the judicial department of the United States are required to support, maintain[,] and enforce upon the states," he lists the following: U.S. Const. Article IV, sections 1, 2, 3 and 4; U.S. Const. Article IV, section 2 and 4; U.S. Const. Article VI; U.S. Const. 5th and 11th Amendments and 28 U.S.C. § 1345. Appellant's Brief, § II, pp. 2-3.

16. In addition to the substantial deficiencies and violations of various sections of Fed. R. App. P. 28(a) and Circuit Rule 28(a), the arguments contained in Gilgenbach's Appellant's Brief are rambling, disjointed, at times incomprehensive, as well as difficult to discern where one argument ends and where another argument begins.

17. To the extent that Gilgenbach's arguments related to the district court's dismissal for subject-matter jurisdiction can be discerned from his brief,

they wholly fail to discuss the district court's reasoning or the authority relied upon to support its finding that Gilgenbach's claims are frivolous. The closest Gilgenbach comes is contained in a single sentence:

"Now feudal tenures are abolished (Const. art. 1 § 11), and <u>all lands within the state are declared to be allodial</u> (article 1, § 12). In re Melrose Ave, in Borough of the Bronx, 234 N.Y. 48, 136 N.E. 35 (N.Y., 1922) [cf.] Matthews v. Ward, 10 Gill & J. (Md.) 443, 451." Appellant's Brief, § III, p. 8, emphasis added.

18. Gilgenbach's assertion that "all lands with the state are declared to be allodial" reveals that he is laboring under a significant misapprehension of law as to the legal theory upon which his claims arise. Allodial title to property is of the nature of title held by a sovereign entity and encompasses both ownership of the land and the right to govern the inhabitants thereof. *Britt v. Federal Land Bank*, 153 Ill.App.3d 605, 612 (2nd Dist. 1987). In spite of Gilgenbach's pleading allegations, he is not a sovereign, and he does not have allodial title to his property. A land patent is merely the deed by which government land is passed to a private citizen who thereby obtains fee simple title. *Id.*, 153 Ill.App.3d at 612-613.

19. Gilgenbach's argument that his property is immune from taxation because its title derived from a land patent that did not reserve any right for taxation is directly contrary to the holding of *Goudy v. Meath*, 203 U.S. 146, 149-150 (1906); property obtained from the federal government by a private citizen pursuant to a land patent is freely alienable and it is subject to taxation unless the land patent expressly exempts the land

from taxation. *Accord, Cass County v. Leach Lake Band of Chippewa Indians*, 524 U.S. 103, 111-112 (1998) (following the holding of *Goudy* and reasoning that any exemption of property from taxation must be expressly done so by Congress). This is because property purchased by a private citizen from the federal government is considered to be "part of the general mass of property in the state and must bear its fair share of expenses of local government." *Oklahoma Tax Com. v. Texas Co.*, 362 U.S 342, 353 (1949).

20. The arguments asserted by Gilgenbach find no basis in law, and instead amount to a rabbit hole of self-righteous and defiant anti-government dogma. Gilgenbach's appellate brief is essentially a repeat of the same unfounded and irrelevant propositions alleged in his pleading and makes no attempt to explain why the district court's reasoning was wrong. Rather, Gilgenbach resorts to personally attacking Judge Wood as illustrated by statements such as, "[t]his is an absolutely ridiculous argument/reason to dismiss (and kvetching), because Woods acts as an agent for the United States …" and "[r]emoval of Woods from participating in this matter, would be proper, because of her shear laziness, incompetence or deferral of matters to another …." Appellant's Brief, § III, p. 6.

21. Accordingly, summary affirmance is appropriate here because Gilgenbach offers no discernable reason on appeal to question the district court's

9

decision. As this court has previously instructed, "[m]otions and papers, in conjunction with the record and the district court's opinion, may show the appropriate disposition with sufficient clarity that a call for briefs would be noting but an invitation for the parties to waste their money and the court's time." *Mather v. Village of Mundelein*, 869 F.2d 356, 357 (7th Cir. 1989). Although summary disposition is an exception to this court's normal course of considering an appeal, it "is appropriate 'when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.'" *Williams v. Chrans*, 42 F.3d 1137, 1139 (7th Cir. 1995) (quoting *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994)).

22. Such is the case here. Gilgenbach's land patent claims have no basis in the law and were properly dismissed by the district court for lack of subject-matter jurisdiction based upon its finding that the federal claims asserted are frivolous. The district court's *sua sponte* dismissal of Gilgenbach's federal land patent claims is based upon well-established propositions of law arising from the clear precedent of this court's prior holdings involving similarly situated land patent claim cases. In addition to the numerous deficiencies of Appellant's Brief, Gilgenbach has failed to advance any argument on appeal addressing the bases for the district court's dismissal, thus making it impossible to frame a response or to engage in a substantive legal discussion of the issues.

WHEREFORE, defendant-appellee requests that the court summarily affirm the district court's decision without further briefing. Should the court deny this motion, defendant-appellee requests that the court extend the briefing schedule to allow for an additional 30 days thereafter to file its brief.

Respectfully submitted,
VILLAGE OF GLENDALE HEIGHTS

By: /s/ Andrew Y. Acker
ANDREW Y. ACKER
aacker@srd-law.com
Storino Ramello and Durkin
9501 W. Devon Ave., Suite 800
Rosemont, IL 60018
847-318-9500

**Certificate of Compliance**

This motion complies with the type-face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6). This motion has been prepared in 12-point Century Schoolbook, which is a proportionally spaced font that includes serifs.

This motion complies with the type-volume limitations in Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,380 words, excluding the caption, the signature block, the Rule 32 certificate, and the certificate of service.

>  /s/ Andrew Y. Acker
> ANDREW Y. ACKER
> aacker@srd-law.com
> Storino Ramello and Durkin
> 9501 W. Devon Ave., Suite 800
> Rosemont, IL 60018
> 847-318-9500

**Certificate of Service**

I hereby certify that on August 21, 2017, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some participants in this case are not CM/ECF users. I have mailed the foregoing document by first class U.S. Mail, postage prepaid, for delivery within three days to the following non-CM/ECF participant:

Curt Gilgenbach
746 Nolan Avenue
Glendale Heights, Illinois 60139

/s/ Andrew Y. Acker
ANDREW Y. ACKER
aacker@srd-law.com
Storino Ramello and Durkin
9501 W. Devon Ave., Suite 800
Rosemont, IL 60018
847-318-9500

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CURT GILGENBACH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 17-cv-01807 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| UNITED STATES INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The Court dismisses Plaintiff's Complaint [1] *sua sponte* for lack of subject-matter jurisdiction. Plaintiff's motion for entry of default against DuPage County, IL [9] and Plaintiff's request for entry of default against Bloomingdale Township [18] are denied as moot. Civil case terminated. See accompanying Statement for details.

## STATEMENT

Plaintiff Curt Gilgenbach filed this action against Defendants United States Incorporated, State of Illinois, DuPage County, Bloomingdale Township, and Village of Glendale Heights for improperly classifying, taxing, and regulating his property—all of which he contends violates the United States and Illinois Constitutions. As remedies for these alleged violations, Gilgenbach requests that a permanent injunction be issued against Defendants State of Illinois, DuPage County, Bloomingdale Township, and Village of Glendale Heights prohibiting the assessment of taxes and the enforcement of any zoning restrictions on Gilgenbach's property. He also seeks to enjoin any entry by local authorities on the property. And finally, he seeks the return of any taxes paid to Defendants.

This Court has an independent obligation to confirm that it has subject-matter jurisdiction over any case before it. *Büchel-Ruegsegger v. Büchel*, 576 F.3d 451, 453 (7th Cir. 2009) (noting that federal courts have a duty to evaluate their own jurisdiction, "*sua sponte* if necessary") (citations omitted). As the Seventh Circuit has explained, "a suit which is frivolous does not invoke the jurisdiction of the federal courts." *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988). Because Gilgenbach is proceeding *pro se*, he is held to a "less stringent standard" in crafting pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even construing his Complaint generously, the Court must dismiss this case as frivolous.

At their core, Gilgenbach's claims are predicated on his contention that he is "sovereign" and his property was obtained pursuant to a "land patent," and thus he and his property are

immune from regulation and taxation. (Compl. at 12, Dkt. No. 1.)[1] This is simply not the law. As the Seventh Circuit has made clear, the argument that an individual is a sovereign citizen of a state who is not subject to the jurisdiction of United States and not subject to federal taxing authority is "shopworn" and "frivolous." *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993). Similarly, Gilgenbach's argument that his "land patent" allows him to avoid taxation and regulation of his property is false. "[A] 'land patent' is simply the equivalent to fee simple ownership." *Van Zelst v. CIR*, 100 F.3d 1259, 1261 (7th Cir. 1996). It is therefore subject to regulation and tax like any other private property. *Gregerson v. State of Wisconsin*, 2016 WL 5794811, at *2 (W.D. Wis. Oct. 4, 2016) (citing *Van Zelst*, 100 F.3d at 1261) (rejecting argument that land-patent property is exempt from taxation as frivolous). Thus, Gilgenbach's claims purportedly arising under the United States Constitution are frivolous and the Court does not have jurisdiction to hear them.

Gilgenbach also gestures at an argument that, according to local statutes and the Illinois Constitution, his property was misclassified for zoning and taxation purposes. (Compl. at 5–12, Dkt. No. 1.) This claim is brought under Illinois state law; it does not sound in the United States Constitution or any other federal law. Thus, in the absence of any federal claim or basis for the exercise of its diversity jurisdiction, the Court will not retain jurisdiction over Gilgenbach's state law claim. *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999). To the extent Gilgenbach desires to pursue his state law claim, he may seek to do so in another, more appropriate forum.

Finally, as the Court is dismissing the case for lack of subject-matter jurisdiction, Gilgenbach's motion and request for entry of defaults against DuPage County and Bloomingdale Township (Dkt. Nos. 9, 18) are denied as moot.

Dated: May 10, 2017

_____
Andrea R. Wood
United States District Judge

---

[1] In this case, for purposes of the Court's analysis on subject-matter jurisdiction, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff." *Seber v. Unger*, 881 F. Supp. 323, 327 (N.D. Ill. 1995) (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)).