U.S.C.A. – 7th Circuit
RECEIVED
AUG 23 2017 DL
GINO J. AGNELLO
CLERK

United States Court of Appeals
the Seventh Circuit.

NO. 17-2011

| | | RE: |
|---|---|---|
| 746 Nolan Ave. Glendale Heights, Illinois | ) | Appeal from the United States |
| Claimant | ) | District Court for the Northern |
| | ) | District of Illinois |
| | ) | |
| v. | ) | No. 17 C 1807 |
| | ) | |
| UNITED STATES INCORPORATED | ) | |
| Respondent | ) | Andrea R. Wood, District Judge |

MOTION FOR REINSTATEMENT OF THE UNITED STATES; and,
TO ISSUE MANDAMUS FOR CLERK TO DELIVER SUMMONS
AND COMPLAINT TO THE UNITED STATES PURSUANT 28 U.S.C. 1361.

NOW COMES the claimant, 746 Nolan Ave. Glendale Heights, IL, through real parties in interest: curt gilgenbach and catherine gilgenbach, are hereby responding to the Court's Order, and United States letter received on August 10, 2017 from the United States Attorney for the Northern District of Illinois.

The Court received our rebuttals to the United States Motion for Non-Involvement, yet granted non-involvement.

The United States if it was not served by us, is a classic mistake, because the clerk is required.

cf. Federal Rules of Civil Procedure, Rule 3 - Commencing an Action. Notes of Advisory Committee, Note 4, states (see last sentence) :

> **4. This rule provides that the first step in an action is the filing of the complaint. Under Rule 4(a) this is to be followed forthwith by issuance of a summons and its delivery to an officer for service.** Other rules providing for dismissal for failure to prosecute suggest a method available to attack unreasonable delay in prosecuting an action after it has been commenced. When a Federal or State statute of limitations is pleaded as a defense, a question may arise under this rule whether the mere filing of the complaint stops the running of the statute, or whether any further step is required, such as, service of the summons and complaint or their delivery to the marshal for service. The answer to this question may depend on whether it is competent for the Supreme Court, exercising the power to make rules of procedure without affecting substantive rights, to vary the operation of statutes of limitations. <u>**The requirement of Rule 4(a) that the clerk shall forthwith issue the summons and deliver it to the marshal for service will**</u>

### reduce the chances of such a question arising.

Since it was the duty of the Clerk to issue and deliver it to the marshal for service, not mine, the Appeal's court must reinstate the United States, and order the clerk to perform this duty.

Though Rule 4(c)(1) states: The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)....this rule is contrary to the Legislature's Intent, that the summon's be "delivered by the Clerk to the marshal for service" requirement because, Congress's intent "will reduce chances of such a question (that service was proper) arising." (emphasis mine.)

### Relief

I require this Appeal court to issue a mandamus under 28 U.S.C. 1361, ordering the clerk to perform his/her duty to comply with the above, by delivering the Summons and Claim to the United States so as to complete this duty.

> 28 U.S.C. 1361. Action to compel an officer of the United States to perform his duty. The district courts shall have original jurisdiction of any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. (Added Pub. L. 87-748, §1(a), Oct. 5, 1962, 76 Stat. 744.)

Instead of having to file a separate suit to compel performance, it would be a better use of judicial resources, as a matter of economy, in lieu thereof, to now invoke Rule 3a, Committed Note 4, and §1361.

Claimants will not use any court cases, because there are hundreds, if not thousands of cases on the same subject matter, all having different results...so therefore we declare said research and inclusion moot, for purposes of necessity.

We will be harmed and severely prejudiced if the United States is not reinstated in this suit, because the United States is required under the Patent to indemnify the Patentee his heirs, successors, and assigns, to which we are entitled to relief.

This 23 day of August, A.D., 2017.

_curt gilgenbach and for catherine gilgenbach_
Real Parties in Interest for,
746 Nolan Avenue, Glendale Heights Illinois.

## Certificate of Service

I, me, Curt Gilgenbach certify that the parties in this matter shall be served by the Court Clerk shortly after filing by NOTICE OF ELECTRONIC FILING, the following:

> United States Inc., Illinois, DuPage county, Bloomindale Township, Village of Glendale Heights.

This 23 day of August, A.D., 2017.

_____
curt gilgenbach, and for catherine gilgenbach
Real Parties in Interest for
746 Nolan Avenue, Glendale Heights Illinois.